United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60592
Summary Calendar

_____

DAMIAN ROMO-BRIONES,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A90 443 295
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

On June 20, 2005, pursuant to the REAL ID Act, the district
court transferred a 28 U.S.C. § 2241 petition challenging the
March 1999 order of an immigration judge that Damian Romo-Briones
(Romo) be deported from the United States.  Romo argues that the
original order of removal is void in light of our decision in
United States v. Chapa-Garza, 243 F.3d 921 (5th Cir. 2001), and
that res judicata prevents the Government from attempting to
deport him.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The REAL ID Act did not alter the jurisdictional requirement that administrative remedies must be exhausted prior to seeking judicial review of a removal order. <u>Ramirez-Molina v. Ziglar</u>, 436 F.3d 508, 514 (5th Cir. 2006). This court lacks jurisdiction over Romo's claims because he failed to exhaust his administrative remedies. <u>See</u> 8 U.S.C. § 1252(d).

Although Romo contends that we retain jurisdiction despite his failure to exhaust administrative remedies because he has shown a gross miscarriage of justice, the standard regarding a gross miscarriage of justice does not apply to cases wherein the petitioner seeks direct review of an original removal order. <u>See generally</u>, <u>Ramirez-Molina</u>, 436 F.3d at 514-15.

Romo's petition for review is therefore DISMISSED FOR LACK OF JURISDICTION.